

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00047-CR

Marcus Allen **HODGE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR0247W
Honorable Lori I. Valenzuela, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: March 27, 2019

DISMISSED

The trial court's certification in this appeal states "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; Rule 25.2(a)(2) applies. *See* TEX. R. APP. P. 25.2(a)(2).

This court must dismiss this appeal "if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." *Id.* R. 25.2(d); *see Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

On February 4, 2019, we notified Appellant that this appeal would be dismissed under Rule 25.2(d) unless an amended trial court certification showing that Appellant has the right of appeal was made part of the appellate record by March 6, 2019.  *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174, 176 (Tex. App.—San Antonio 2003, no pet.).

On February 28, 2019, Appellant's court-appointed appellate counsel conceded that this court has no choice but to dismiss this appeal.

Considering Rule 25.2(d)'s requirements, the record, and Appellant's response, we dismiss this appeal.  *See* TEX. R. APP. P. 25.2(d); *Dears*, 154 S.W.3d at 613.

PER CURIAM

DO NOT PUBLISH